**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER COLSON, on his own
behalf and on behalf of those similarly
situated,

                Plaintiff,

vs.                                             Case No. 3:09-cv-850-J-34JRK

CABLEVIEW COMMUNICATIONS OF
JACKSONVILLE, INC.,

                Defendant.
_____/

# O R D E R

This cause is before the Court on Defendant Cableview Communications of Jacksonville, Inc.'s Motion to Stay Discovery Pending Resolution of Conditional Certification Issue and Motion to Strike and Incorporated Memorandum of Law (Doc. No. 45; "Motion to Stay Discovery"), filed November 25, 2009; and Plaintiff's Motion to Compel Responses and Documents Responsive to Their First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions and Supporting Memorandum of Law (Doc. No. 51; "Motion to Compel"), filed December 11, 2009. In the Motion to Stay Discovery, Defendant Cableview Communications of Jacksonville, Inc. ("Defendant") seeks, among other things, to stay all discovery, including discovery requests from Plaintiff Christopher Colson ("Plaintiff Colson") and the other "Opt-Ins" (collectively, "Plaintiffs"), until the Court determines whether the proposed class should be conditionally certified. See Motion to Stay Discovery at 2. In the Motion to Compel, Plaintiffs seek an order compelling Defendant to

provide responses to Plaintiff's First Set of Interrogatories, First Request for Production of Documents, and First Request for Admissions. See Motion to Compel at 1.[1] Both the Motion to Stay Discovery and the Motion to Compel are opposed. See Plaintiff's Response in Opposition to Defendant's Motion to Stay Discovery Pending Resolution of Conditional Certification Issue (Doc. No. 50; "Response to Motion to Stay Discovery"), filed December 11, 2009; Defendant Cableview Communications of Jacksonville, Inc.'s Memorandum in Opposition to Plaintiff's Motion to Compel Responses and Documents Responsive to Their First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions (Doc. No. 56; "Response to Motion to Compel"), filed December 30, 2009.

There are two related issues: (1) whether all discovery should be stayed until it has been determined whether the proposed class should be conditionally certified; and (2) if not, whether Defendant should be compelled to respond to Plaintiffs' discovery requests. For the reasons explained herein, the undersigned finds that a complete stay of discovery is inappropriate. Defendant must respond to each of Plaintiffs' discovery requests, but only to the extent those requests pertain to Plaintiff Colson. Defendant may raise specific objections to particular discovery requests in the manner set forth in the Federal Rules of Civil Procedure ("Rule(s)").

---

[1] Specifically, the discovery requests at issue consist of Plaintiff's First Set of Interrogatories to Defendant, Cableview Communications of Jacksonville, Inc., see Motion to Compel at Ex. A ("Interrogatories"), Plaintiff's First Request for Production of Documents to Defendant, Cableview Communications of Jacksonville, Inc., see Motion to Compel at Ex. B ("Request to Produce"), and Plaintiff's First Request for Admissions to Defendant Cableview Communications of Jacksonville, Inc., see Motion to Compel at Ex. C ("Request for Admissions").

**I. Background**

This case was commenced on August 10, 2009 with the filing of a Complaint & Demand for Jury Trial (Collective Action Complaint) (Doc. No. 1; "Complaint") by Plaintiff Colson on his own behalf and on behalf of those similarly situated. Complaint at 1. Since the filing of the Complaint, sixteen additional employees have filed consents to join the lawsuit.[2] On September 24, 2009, Plaintiff Colson moved for conditional certification of this case as a collective action. See Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law (Doc. No. 21; "Motion for Conditional Class Certification"). On October 26, 2009, the Case Management and Scheduling Order (Doc. No. 35) was entered, and the discovery deadline was set for June 30, 2010. On November 25, 2009, the Motion to Stay Discovery was filed.

On December 3, 2009, Plaintiffs were granted leave to file an amended complaint. See Order (Doc. No. 49). On December 11, 2009, Plaintiff filed the Response to Motion to Stay Discovery, and Plaintiffs filed the Motion to Compel. On December 21, 2009, the

---

[2] See Notice of Filing Notice of Consent to Join (Doc. No. 4) (Kimberly Kerns); Notice of Filing Notice of Consent to Join (Doc. No. 5) (Rodney Ivey); Notice of Filing Notice of Consent to Join (Doc. No. 9) (Donnell Minor); Notice of Filing Notice of Consent to Join (Doc. No. 11) (Christopher Kennedy); Notice of Filing Notice of Consent to Join (Doc. No. 12) (John Smith, although John Smith's claim was later voluntarily dismissed (see Joint Stipulation for Dismissal without Prejudice as to Opt-In Plaintiff John Smith (Doc. No. 26) and Order (Doc. No. 30)); Notice of Filing Notice of Consent to Join (Doc. No. 13) (Michael Parrish); Notice of Filing Notice of Consent to Join (Doc. No. 14) (Antwan Washington); Notice of Filing Notice of Consent to Join (Doc. No. 17) (Stephen NeSmith); Notice of Filing Notice of Consent to Join (Doc. No. 20) (David Colson); Notice of Filing Additional Notices of Consent to Join (Doc. No. 23) (Sammie Cosby, Jr.); Notice of Filing Additional Notices of Consent to Join (Doc. No. 28) (Matthew Prescott); Notice of Filing Additional Notice of Consent to Join (Doc. No. 34) (Stephen Hagler); Notice of Filing Additional Notice of Consent to Join (Doc. No. 37) (Justin Leib); Notice of Filing Additional Notice of Consent to Join (Doc. No. 48) (Eric Cross); Notice of Filing Additional Notice of Consent to Join (Doc. No. 68) (Andreas Waldon); Notice of Filing Additional Notice of Consent to Join (Doc. No. 69) (Jason Dingler) (collectively, "Consents to Join").

Amended Complaint & Demand for Jury Trial (Collective Action Complaint) (Doc. No. 52; "Amended Complaint") was filed. The Amended Complaint rendered moot the First Motion for Conditional Class Certification. See Order (Doc. No. 53). On January 22, 2010, Plaintiff's Renewed Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law (Doc. No. 63; "Renewed Motion for Conditional Class Certification") was filed. Therefore, the issues in the Motion to Stay Discovery, which are intertwined with the issues in the Motion to Compel, are ripe for decision.

In the Amended Complaint, it is alleged as follows. Plaintiff Colson was a "cable technician" and performed related services for Defendant. Amended Complaint at 2. Defendant contracted with individuals to perform such services, and although Defendant purports to call those individuals "independent contractors," they are actually employees. Id. at 3. Plaintiff and those similarly situated routinely worked in excess of forty hours per week, but they were not paid overtime compensation. Id. at 5. The putative class is defined as "[a]ll cable technicians who worked at Defendant nationwide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek." Id. at 6. Count I of the Amended Complaint seeks recovery of overtime compensation. Id. at 7. Count II seeks recovery in quantum meruit. Id. at 7-8.

On January 11, 2010, Defendant Cableview Communications of Jacksonville, Inc.'s Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc. No. 60; "Answer to Amended Complaint") was filed. In the Answer to Amended Complaint, Defendant avers that Plaintiff Colson was a "cable technician/installer employed by Gator Solutions, LLC, and

sometimes Gator Solutions 2 Inc." Id. at 2. Defendant denies that it violated any law. Id. at 4-5. Defendant asserts that it contracts with individuals, independent contractors, and other entities to provide certain services to Defendant. Id. at 5. Defendant denies that it classifies these individuals as independent contractors so as to avoid paying payroll taxes, workers' compensation insurance, unemployment insurance, overtime, and other similar benefits. Id. According to Defendant, Plaintiff Colson did not work as a cable technician for Defendant; rather, Plaintiff Colson was actually employed by Gator Solutions, LLC and Gator Solution 2, Inc. during the relevant time period. Id. at 6-7. Defendant denies that Plaintiff Colson and the putative class members are owed overtime wages. Id. at 9-12. In its affirmative defenses, Defendant asserts that the claims in the Amended Complaint are time barred, and Plaintiff Colson is not similarly situated to the other putative class members. Id. at 14-16.

As noted above, on January 22, 2010, Plaintiffs filed the Renewed Motion for Conditional Class Certification, and Plaintiffs filed Plaintiffs' Motion for Declaration of a Class Action under Rule 23 of the Federal Rules of Civil Procedure and Incorporated Memorandum of Law (Doc. No. 64). These motions are opposed. See Defendant's Opposition to Plaintiff's Renewed Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action and Incorporated Memorandum of Law (Doc. No. 66), filed February 5, 2010; Defendant's Opposition to Plaintiff's Motion for Declaration of a Class Action under Rule 23 of the Federal Rules of Civil Procedure and Incorporated Memorandum of Law (Doc. No. 65), also filed February 5, 2010. Defendant contends that no discovery whatsoever should take place until it has been

determined whether the class is conditionally certified. See Motion to Stay Discovery; Response to Motion to Compel.

## **II. Discussion**

Under the Fair Labor Standards Act ("FLSA"), an employer is liable to an employee "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages," as well as "such legal or equitable relief as may be appropriate . . . ." 29 U.S.C. § 216(b). An action under the FLSA may be maintained against an employer "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Id.

In determining whether class certification is appropriate under § 216(b), the United States Court of Appeals for the Eleventh Circuit has suggested that district courts use the two-tiered approach described in Mooney v. Aramco Serv. Co., 54 F.3d 1207 (5th Cir. 1995) (overrruled on other grounds). Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001).[3] First is the "notice stage," at which the court decides under a "fairly lenient standard" whether the class should be conditionally certified and notice given to potential class members. Id. at 1218 (internal quotation and citation omitted). This decision is typically based on the pleadings and affidavits on file, so the court has "minimal evidence" to determine whether the class should be conditionally certified. Id. (internal quotation and

---

[3] Although Hipp involved a lawsuit under the Age Discrimination in Employment Act, the Eleventh Circuit discussed the approach that should be used for class certification under § 216(b). See Hipp, 252 F.3d at 1214-15, 1218-19. The provisions Age Discrimination in Employment Act are "enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for section (a) thereof), and 217 of [Title 29], and subsection (c) of this section." 29 U.S.C. § 626(b). Thus, the approach set forth in Hipp applies to the certification of a class under the FLSA. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 n.37 (11th Cir. 2008).

citation omitted).  Second, after discovery has been largely completed and the court has more information, a determination is made as to whether the members of the class are in fact similarly situated.  Id. (internal quotation and citation omitted).  If so, the representative action proceeds to trial.  Id. (internal quotation and citation omitted).  If not, the class is decertified, and the original plaintiffs proceed to trial while the opt-in plaintiffs are dismissed without prejudice.  Id. (internal quotation and citation omitted).

With this framework in mind, the undersigned turns to the discovery requests at issue. In each of Plaintiff's discovery requests, the word "Plaintiff" is defined as referring to a list that consists of Plaintiff Colson and eleven Opt-In Plaintiffs.  See Interrogatories at 3; Request to Produce at 2; Request for Admissions at 3.  Defendant is requested to "produce separate requests for each Plaintiff listed."  Interrogatories at 3; Request to Produce at 2; Request for Admissions at 3.   Not only does Defendant argue that this discovery "is irrelevant and/or duplicative, as it pertains to a larger class of employees–a class that this Court has not ruled is properly part of this case," Defendant goes one step further and seeks to stay "all discovery" until the Renewed Motion for Conditional Class Certification is resolved.  Motion to Stay Discovery at 2.  Plaintiffs respond that barring them from full discovery "would have the effect of derailing their suit as they would not be able to prove any of their claims."  Response to Motion to Stay Discovery at 1.  In addition, Plaintiffs argue that the identities of potential class members are discoverable at this stage of the proceedings because they are potential fact witnesses.  Id. at 2.

In arguing that no discovery at all is proper prior to conditional certification of the class, Defendant relies primarily on Crawford v. Dothan City Bd. of Educ., 214 F.R.D. 694

(M.D. Ala. 2003). In Crawford, the plaintiffs sought to discover the "identity of any non-exempt, non-certified employees" to whom minimum or overtime wages should have been paid. Crawford, 214 F.R.D. at 695. Thus, the plaintiffs in Crawford were attempting to discover the names of potential class members prior to conditional certification of the class. See id. The court in Crawford concluded that such discovery was premature prior to conditional certification–the Crawford court did not conclude that no discovery at all should occur prior to conditional certification. See id. Even under Crawford, a total and complete stay of all discovery prior to conditional certification is unwarranted. This is because, regardless of whether the class here is conditionally certified, Plaintiff Colson's case is going to proceed. Therefore, at least with respect to the facts regarding Plaintiff Colson's claim, discovery is proper. Accordingly, Defendant must respond to each of the discovery requests to the extent those requests pertain to Plaintiff Colson. In responding to the discovery requests, Defendant may raise specific objections to particular requests as contemplated by the Rules.

The more difficult question is whether Defendant should be required to respond to the discovery requests with respect to the Opt-In Plaintiffs. The answer to this question turns on the status of the Opt-In Plaintiffs prior to conditional certification. Each of the Consents to Join contains nearly identical language that the Opt-In Plaintiffs "consent to join the above styled lawsuit . . . ." The joinder is based on the allegation of each Opt-In Plaintiff that "I am similarly situated to the named Plaintiff in this matter because I performed similar duties for the Defendant and was paid in the same regard as the named Plaintiff." Id. This language indicates that the Consents to Join are joinders under the collective action provision of

§ 216(b) rather than joinders under Rule 20. Compare 29 U.S.C. § 216(b) (permitting employees to bring lawsuits on behalf of themselves and others "similarly situated") with Fed. R. Civ. P. 20(a) (permitting persons to join in one lawsuit as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of actions or occurrences," and "any question of law or fact common to all plaintiffs will arise in the action"). Because the Opt-In Plaintiffs are "joining" the lawsuit under the collective action provisions of § 216(b), their ability to remain in the lawsuit will depend on whether the class is conditionally certified, and, if so, whether the class is ultimately decertified after discovery. "'If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.'" Hipp, 252 F.3d at 1218 (quoting Mooney, 54 F.3d at 1214); see also Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354, 357 (S.D. Ohio 2006).[4]

Thus, under the recommended two-step procedure, a class of plaintiffs that is not conditionally certified will not be permitted to proceed collectively. If a class is not conditionally certified and therefore not permitted to proceed collectively, then discovery with respect to the members of the putative class would be irrelevant and wasteful. It follows that

---

[4] Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought," which suggests that each Opt-In Plaintiff is "party plaintiff"; however, this statutory language must be read in light of the judicial gloss that has been put on the procedure for certifying collective actions under the FLSA. See Hipp, 252 F.3d at 1218-19.

discovery with respect to the Opt-In Plaintiffs is premature prior to conditional certification at the notice stage, especially considering the fairly lenient standard that applies.[5]

### III. Conclusion

Because this case will proceed with respect to Plaintiff Colson regardless of whether the class is conditionally certified, a complete stay of discovery is inappropriate, and discovery should proceed with respect to Plaintiff Colson. Until the class is conditionally certified, however, discovery as to other class members is premature. Therefore, Defendant must respond to Plaintiff's discovery requests to the extent they seek information pertaining to Plaintiff Colson. Defendant should respond to each discovery request but may raise objections to such requests in the manner set forth in the Rules.

In accordance with the foregoing, it is

**ORDERED:**

1. Defendant Cableview Communications of Jacksonville, Inc.'s Motion to Stay Discovery Pending Resolution of Conditional Certification Issue and Motion to Strike and Incorporated Memorandum of Law (Doc. No. 45) is **GRANTED in part and DENIED in part**.

2. The Motion to Stay discovery is **GRANTED** to the extent it seeks to stay discovery with respect to facts regarding the Opt-In Plaintiffs. Otherwise, the Motion to Stay Discovery is **DENIED**.

---

[5] Defendant also requests that the Opt-In Plaintiffs' discovery requests should be stricken. Motion at 9-12. For the reasons explained herein, the undersigned finds that discovery with respect to the Opt-In Plaintiffs is premature prior to conditional certification of the class; therefore, striking the discovery is unnecessary and inappropriate.

3. Plaintiff's Motion to Compel Responses and Documents Responsive to Their First Set of Interrogatories, First Request for Production of Documents and First Request for Admissions and Supporting Memorandum of Law (Doc. No. 51) is **GRANTED in part and DENIED in part**.

4. The Motion to Compel is **GRANTED** to the extent it seeks to discover facts related to the claim of Plaintiff Christopher Colson. Otherwise, the Motion to Compel is **DENIED**.

5. On before **APRIL 30, 2010**, Defendant shall, consistent with this Order, and in the manner set forth in the Federal Rules of Civil Procedure, respond to the following: Plaintiff's First Set of Interrogatories to Defendant, Cableview Communications of Jacksonville, Inc., Plaintiff's; First Request for Production of Documents to Defendant, Cableview Communications of Jacksonville, Inc.; and Plaintiff's First Request for Admissions to Defendant Cableview Communications of Jacksonville, Inc. Defendant may raise specific objections to particular discovery requests in the manner set forth in the Rules.

**DONE AND ORDERED** at Jacksonville, Florida on April 12, 2010.

                                                                       JAMES R. KLINDT
                                                                    United States Magistrate Judge

jdf

Copies to:

Counsel of Record